FILED

FEB 2 7 2004

Denise H. Curtis, Clerk
U.S. Bankruptcy Court for D.C.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In Re: | : | |
| | : | |
| **DARRYL HILL** | : | |
| | : | |
| Debtor | : | **Case No.  03-1978** |
| | : | **(Chapter 7)** |
| .... .... .... .... .... .... | : | |
| | : | |
| **LOUISE HACKETT** | : | |
| | : | |
| Plaintiff | : | |
| | : | **Adv. Pro. No. 04-10012** |
| v. | : | |
| | : | |
| **DARRYL HILL** | : | |
| | : | |
| Defendant | : | |

## MOTION TO DISMISS COMPLAINT

COMES NOW the defendant, DARRYL HILL, and moves for the dismissal of the Complaint filed herein for the reasons more fully stated in the Memorandum of Points and Authorities which accompanies this Motion.

DARRYL HILL
By Counsel

RICHARD G. HALL, Esquire
Counsel for the plaintiff
4208 Evergreen Lane, Suite 234
Annandale, Virginia  22003
(703)256-7159
DC Bar No. #382940

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 27, 2004 a true copy of this Motion was mailed to the plaintiff, Louise Hackett, c/o Carl Messineo Esquire and Mara Verheyden-Hilliard, counsel for the plaintiff at the PARTNERSHIP FOR CIVIL JUSTICE, INC. At 1901 Pennsylvania Avenue, Suite 607, N.W. Washington, D.C., 20006.

Richard G. Hall

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

FILED

FEB 2 7 2004

Denise H. Curtis, Clerk
U.S. Bankruptcy Court for D.C.

In Re:                          :
                                :
DARRYL HILL                     :
                                :
            Debtor              :      Case No.  03-1978
                                :         (Chapter 7)
.... .... .... .... .... .... : 
                                :
LOUISE HACKETT                  :
                                :
            Plaintiff           :
                                :      Adv. Pro. No. 04-10012
v.                              :
                                :
DARRYL HILL                     :
                                :
            Defendant           :


## MEMORANDUM OF POINTS AND AUTHORITIES


   Comes now the defendant, DARRYL HILL, by counsel, and
submits this Memorandum of Points and Authorities in support of
his Motion to Dismiss the plaintiff's Complaint.


## Statement of Facts

   On October 15, 2001, the plaintiff, LOUISE HACKETT, obtained
a default judgment for $130,000.00 in compensatory damages and
$250,000.00 in punitive damages based on *ex parte* proof against
the defendant in the Superior Court of the District of Columbia.
Two years later, just prior to the filing of this bankruptcy, the
plaintiff Noticed the defendant to appear for post-judgment

interrogatories in an effort to collect that judgment.  On

October 30, 2003, several days before the date set for his

appearance, the defendant filed a petition under chapter 7 in

this Court, listing the claim of the plaintiff on his Schedule F,

and placing the plaintiff, care of her attorney, on the Creditor

Matrix. On the same day the petition was filed, the defendant's

counsel, Tommy Andrews, Jr., prepared a Suggestion of Bankruptcy,

which he served on the plaintiff's counsel and filed with the

Superior Court of the District of Columbia.  Mr. Andrews also

telephoned the plaintiff's counsel on October 30, 2003 in order

to provide the plaintiff with immediate actual notice of the

filing.  At all times from the filing of the original civil suit

in the Superior Court of the District of Columbia through and

including this Adversary Proceeding, the plaintiff has been

represented by the same counsel, Carl Messineo and Mara

Verheyden-Hilliard of the PARTNERSHIP FOR CIVIL JUSTICE, INC.  A

copy of the Suggestion of Bankruptcy is attached to this

Memorandum as Exhibit A.

On the day the defendant's petition was filed, the clerk of

this court fixed the date for the first meeting of creditors as

November 26, 2003 and set the bar date for filing Complaints

under 11 U.S.C. 532(c) for January 25, 2004. A copy of the

Court's Docket Sheet is attached as Exhibit B.

For reasons unknown, but not owing to any deficiency in the

defendant's filing, the Notice of Commencement of Case, including

the date set for the Section 341 meeting and the date fixed for

filing Complaints under 11 U.S.C. 523(c), was not served on those

parties listed on the Creditor Matrix at that time, as it

normally would have been. Instead, on December 10, 2003, the

clerk generated two Amended First Meeting of Creditors Notices,

setting the Section 341 meeting first on January 8, 2004, and

then on January 15, 2004: see Docket items 18 and 19, Exhibit B.

Both notices maintained the original bar of January 25, 2004 as

the last date for filing Complaints under 11 U.S.C. 523(c).

Again, for reasons unknown, only the second notice, Docket Entry

19, was sent out, and, on December 12, 2003, the Court's noticing

service, BNC, filed a Certificate of Mailing which certified that

the second Amended Section 341 meeting Notice was sent to all

creditors, including the plaintiff, LOUISE HACKETT: see Docket

Item 20, Exhibit B.  A copy of the BNC Certificate of Mailing is

attached as Exhibit C and a copy of the Section 341 Meeting

Notice (Docket Item 19) is attached as Exhibit D.

The defendant attended the Section 341 meeting on January

15, 2004 which proceeded uneventfully and which was concluded on

the same day.

On January 27, 2004, the plaintiff, through her attorneys,

placed an Original copy of a Complaint alleging a cause of action

against the defendant under 11 U.S.C. 523(a)(6) in the Court's

John Marshall Drop Box. The Adversary filing fee and the

Complaint were entered by the clerk the following morning on

January 28, 2004: see Docket Item 24, Exhibit C. A copy of the
Complaint with the John Marshall Drop Box Stamp is attached as
Exhibit E.

No motion to extend the time for filing Complaints under 11
U.S.C. 532(c) was ever made by the plaintiff, either on or before
the bar date, despite the fact that the clerk's office was open
and accepting filings routinely on January 26, 2004.


## ARGUMENT

The time for filing a Complaint alleging a cause of action
under 11 U.S.C. 523(a)(6) is governed by 11 U.S.C. 523(c). A
Complaint not filed in accord with 11 U.S.C. 523(c) is untimely
and must be dismissed. The manner of determining the bar date
under section 523(c) is set forth in Rule 4007(c) of the Federal
Rules of Bankruptcy Procedure which provides that:

> "A complaint to determine the dischargeability of any
> debt under section 523(c) shall be filed not later than
> 60 days following the date first set for the meeting of
> creditors held pursuant to section 341(a). The court
> shall give all creditors not less than 30 days notice of
> the time so fixed in the manner provided in Rule 2002.
> On motion of any party in interest, after hearing on
> Notice, the Court may for cause extend the time fixed
> under this subdivision. The motion shall be made before
> the time has expired.

Since the published bar date fell on a Sunday, the last day for
filing a complaint under section 523(c) was extended to January
26, 2004: see *United Mine Workers v. Dole*, 879 F2d 662 (D.C. Cir,
1989). Thus, the plaintiff's Complaint alleging a cause of action

under 11 U.S.C. 523(a)(6), which was filed one day after the bar
date on January 27, 2004, is untimely filed and must be
dismissed.

It is universally held that, absent extraordinary
circumstances, the court is without discretion to extend the date
date set for filing a complaint under 11 U.S.C. 523(c) unless a
motion requesting an extension of time is made before the time
expires: see *In Re Rhodes*, 61 B.R. 626 (9th Cir. BAP, 1986), *Hsu
v. Ginn*, 179 B.R. 349 (BC SD Ga, 1995), *Mann v. CCR Financial
Planning*, 199 B.R. 347 (BC ED Va, 1996) and *In Re Glover*, 211
B.R. 860 (BC SD Ohio, 1997).

This court has previously held in the case of *In re
Schnoofs*, 115 B.R. 1, (BC D. Dist. Col., 1990) that the 60 day
period under Rule 4007(c) within which a party has to file a
complaint under Section 523(c) is calculated from the date first
set for the section 341 meeting, whether the meeting is actually
held on that day on not.  However, unlike *Schnoofs*, there was no
ambiguity in this case regarding the correct bar date: January
25, 2004 was published as the bar date on all notices generated
by the court, and that date was available to all parties on the
court's docket, either through inquiry at the clerk's office, or
by way of the internet at the court's website.

Although a dismissal of the plaintiff's Complaint is a harsh
result for a filing that is only one day untimely, such results
are clearly contemplated under the Bankruptcy Rules.  Both Rule

4007(c) and Rule 9006(b)(3)(c) specifically exclude excusable neglect as cause for extending the bar date after the time has passed, limiting extensions to only those occasions in which a motion requesting an extension for cause has been filed prior to the bar date.  Moreover, it is important to note that the plaintiff had actual knowledge of the defendant's petition from the day it was filed, and that the plaintiff was sent a notice from the court identifying the bar date as January 25, 2004 more than 30 days prior to its expiration: see Exhibit C, and Docket item 20, Exhibit B. Despite this abundant notice, the plaintiff chose to wait until the final days before filing her Complaint. Having accepted this risk knowingly, it would be difficult for the plaintiff to argue that equity requires her Complaint to be deemed timely filed despite the plain language and intent of the Bankruptcy Rules cited above.

## CONCLUSION

The defendant's Motion to dismiss the plaintiff's Complaint on the grounds that it was untimely filed under 11 U.S.C. 523(c) should be granted.

DARRYL HILL
By Counsel

RICHARD G. HALL, Esquire
Counsel for the plaintiff
4208 Evergreen Lane, Suite 234
Annandale, Virginia  22003
(703)256-7159
DC Bar No. #382940


## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2004 a true copy of
this Memorandum was mailed to the plaintiff, Louise Hackett, c/o
Carl Messineo Esquire and Mara Verheyden-Hilliard, counsel for
the plaintiff at the PARTNERSHIP FOR CIVIL JUSTICE, INC. At 1901
Pennsylvania Avenue, Suite 607, N.W. Washington, D.C., 20006.

Richard G. Hall

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

Louise M. Hackett

           Plaintiff,     )
                   )    CASE NO. 00-CA-5764
                   )
    vs.              )
                   )
Darryl A. Hill         )
          Defendant.    )



SUGGESTION OF BANKRUPTCY

    COMES NOW the Defendant, Darryl A. Hill, through his undersigned attorney, and would show the Court:

    1. He has filed a petition for relief under Title 11, United States Code, in the United States Bankruptcy Court for the District of Columbia, which bears the case number _03-1978_.

    2. Relief was ordered on 10/30/03.

    3. This action is founded on a claim from which a discharge would be a release or that seeks to impose a charge on the property of the estate.

    4. This is for informational purposes only, and does not constitute a notice of appearance by the undersigned.

    WHEREFORE, the defendant suggests that this action has been stayed by the operation of 11 U.S.C. § 362.

                      Tommy Andrews, Jr. 453695
                      Attorney for the Defendant
                      122 N. Alfred Street
                      Alexandria, Virginia 22314

    IT IS HEREBY CERTIFIED that a copy of the foregoing Suggestion of Bankruptcy was delivered by mail to The Superior Court for the District of Columbia, Civil Division, 500 Indiana Ave., NW, Washington, DC 20001 and Louise M. Hackett c/o Carl Messineo, Esq., Partnership for Civil Justice, Inc., 1901 Pennsylvania Ave., NW, Suite 607, Washington, DC 20006 on this 30th ____ day of Octoberp, 2003.

                      Tommy Andrews, Jr.
                      Attorney for the Defendant

ALL-STATE LEGAL®

EXHIBIT

A

**U.S. Bankruptcy Court**
**United States Bankruptcy Court for the District of Columbia (Washington, D.C.)**
**Bankruptcy Petition #: 03-01978**

*Assigned to:* Bankruptcy Judge S. Martin Teel, Jr.                           *Date Filed:* 10/30/2003
Chapter 7
Voluntary
No asset

**Darryl Hill**                                                    represented by   **Tommy Andrews, Jr.**
1530 East Capitol St., NE                                                         122 N. Alfred St.
Washington, DC 20003                                                             Alexandria, VA 22314
SSN: xxx-xx-9205                                                                 (703) 838-9004
*Debtor*                                                                         Fax : 703-838-9550
                                                                                Email: tandrews@andrewslaw.net

**William D. White**
McCarthy & White, PLLC
8180 Greensboro Drive
Suite 875
McLean, VA 22102
703-770-9260
*Trustee*

| Filing Date | # | Docket Text |
|---|---|---|
| 10/30/2003 | 1 | Chapter 7 Voluntary Petition . Fee Amount $200 Filed by Darryl Hill Schedules A-J due 11/14/2003. Statement of Financial Affairs due 11/14/2003. Statement of Intent due 11/14/2003. Incomplete Filings due by 11/14/2003. Government Proof of Claim due by 4/27/2004. (kt) (Entered: 10/30/2003) |
| 10/30/2003 | | First Meeting of Creditors with 341(a) meeting to be held on 11/26/2003 at 10:30 AM at U.S. Trustee's Meeting Room. Objections for Discharge due by 01/25/2004. (kt) (Entered: 10/30/2003) |
| 10/30/2003 | 2 | Receipt of Chapter 7 Filing Fee - $200.00 by KT. Receipt Number 00060314. Payment received from TOMMY ANDREWS JR. (Entered: 10/30/2003) |
| 10/30/2003 | 3 | Notice to Consumer Debtor Filed by Darryl Hill. (mw) (Entered: 10/31/2003) |
| 10/30/2003 | 4 | Disclosure of Compensation of Attorney for Debtor in the Amount of $ 2,000.00 Filed by Tommy Andrews Jr.(mw) (Entered: 10/31/2003) |
| 10/31/2003 | 5 | Debtor's Mailing Matrix and Verification Filed by Darryl Hill. (mw) (Entered: 10/31/2003) |
| 10/31/2003 | 6 | Order to File Schedules and Statement of Financial Affairs Entered on 10/31/2003. (mw) (Entered: 10/31/2003) |
| 11/02/2003 | 7 | BNC Certificate of Mailing - Order. Service Date 11/02/2003. (Related Doc # 6) (Admin.) (Entered: 11/03/2003) |
| 11/14/2003 | 8 | Schedules A-J Filed by Darryl Hill. (mw) (Entered: 11/18/2003) |
| 11/14/2003 | 9 | Statement of Financial Affairs Filed by Darryl Hill. (Re: Related Document(s) #:1 Chapter 7 Voluntary Petition, .) (mw) (Entered: 11/18/2003) |
| | | |

EXHIBIT

B

ALL-STATE LEGAL®

| 11/14/2003 | 10 | Statement of Intent. Filed by Darryl Hill. (Re: Related Document(s) #:1 Chapter 7 Voluntary Petition, .) (mw) (Entered: 11/18/2003) |
| 11/14/2003 | 11 | Debtor's Certification Regarding Schedules and Statements Filed by Darryl Hill . (Re: Related Document(s) #:8 Schedules A-J.) (mw) (Entered: 11/18/2003) |
| 11/25/2003 | 12 | Receipt of Amendment Filing Fee - $26.00 by KN. Receipt Number 00060593. Payment received from TOMMY ANDREWS. (Entered: 11/25/2003) |
| 11/25/2003 | 13 | Amended Schedule F. Fee Amount $26.00 Filed by Darryl Hill. (mw) (Entered: 12/01/2003) |
| 11/25/2003 | 14 | Amended Matrix, Adding Creditors , ( Filing Fee: $ 26.00, ) Filed by Darryl Hill. (mw) (Entered: 12/01/2003) |
| 11/25/2003 | 15 | Certificate of Compliance Filed by Darryl Hill. (Re: Related Document(s) #:13 Amended Schedules (Fee).) (mw) (Entered: 12/01/2003) |
| 11/25/2003 | 16 | Certificate of Service Filed by Darryl Hill. (Re: Related Document(s) #:13 Amended Schedules (Fee).) (mw) (Entered: 12/01/2003) |
| 11/25/2003 | 17 | Disclosure of Compensation of Attorney for Debtor in the Amount of $ 1,500.00 Filed by Tommy Andrews Jr. (mw) (Entered: 12/01/2003) |
| 12/10/2003 | 18 | AMENDED First Meeting of Creditors Notice Generated and Sent to BNC. 341(a) meeting re-scheduled from 11/26/03 to 1/8/2004 at 01:30 PM at U.S. Trustee's Meeting Room. Original meeting notice was not sent out. (be) (Entered: 12/10/2003) |
| 12/10/2003 | 19 | AMENDED First Meeting of Creditors Notice Generated and Sent to BNC. 341(a) meeting re-scheduled from 1/8/2004 to 1/15/2004 at 10:30 AM at U.S. Trustee's Meeting Room. First and Second meeting notices were not sent to the BNC. (be) (Entered: 12/10/2003) |
| 12/12/2003 | 20 | BNC Certificate of Mailing - AMENDED First Meeting of Creditors. Service Date 12/12/2003. (Related Doc # 19) (Admin.) (Entered: 12/13/2003) |
| 01/22/2004 | 21 | Amended Schedule F. Fee Amount $26 Filed by Darryl Hill. (mw) (Entered: 01/22/2004) |
| 01/22/2004 | 22 | Amended Matrix, Removing Creditor, ( Filing Fee: $ 26, ) Filed by Darryl Hill. (mw) (Entered: 01/22/2004) |
| 01/22/2004 | 23 | Praecipe Filed by Debtor Darryl Hill (Re: Related Document(s) #:22 Amended Matrix (deleting creditor.) (mw) (Entered: 01/22/2004) |
| 01/28/2004 | 24 | 426 (Dischargeability 523): Complaint by Louise M. Hackett against Darryl Hill. Fee Amount $150 (kn) (Entered: 01/28/2004) |

**BAE SYSTEMS**

Enterprise Systems Incorporated
11487 Sunset Hills Road
Reston, Virginia 20190-5234

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| District/off: 0090-1 | User: esteves | Page 1 of 2 | Date Rcvd: Dec 10, 2003 |
| Case: 03-01978 | Form ID: b9aa | Total Served: 44 | |

The following entities were served by first class mail on Dec 12, 2003.
db      Darryl Hill,    1530 East Capitol St., NE,    Washington, DC   20003
aty      Tommy Andrews, Jr.,    122 N. Alfred St.,    Alexandria, VA   22314
tr      William D. White,   McCarthy & White, PLLC,    8180 Greensboro Drive,    Suite 875,
       McLean, VA   22102
smg     Office of Corporation Counsel,   One Judiciary Square,    441 4th Street, NW,    6th Floor,
       Washington, DC 20001
smg     U.S. Attorney's Office,   Civil Division - Judiciary Ct. Building,    555 4th St., N.W.,    4th Floor,
       Washington, DC   20001-2733
ust      U.S. Trustee,   115 South Union Street,    Suite 210 Plaza Level,    Alexandria, VA   22314
371401   ADVENTIST PATHOLOGY ASSOC.,   PO BOX 79906,    BALTIMORE MD 21279
368857   BELL ATLANTIC,   C/O IC SYSTEMS,    PO BOX 64378,    SAINF PAUL MN 55164-0378
371402   BELLSOUTH,   PO BOX 105503,   ATLANTA GA 30348-5503
368858   +BRANCH BANKING & TRUST,   PO BOX 1847,    WILSON NC 27894-1847
368859   CHECK RECOVERY SYSTEM,   425 EST KELSO ST.,    INGLEWOOD CA 90301
371404   +COBS COUNTY WATER SYSTEM,   660 SOUTH COBS DRIVE, SE,    MARIETTA GA 30060
368860   COMMUNITY WEATHERIZATION FUND,   C/O DAVID LOWANS, ESQ.,    KARP, FROSH, LADYS, WIDGODSKY,
       1370 PICCARD DRIVE, SUITE 290,   ROCKJILLE MD 20850
371406   CROSS COUNTRY BANK,   P.O. BOX 10008,    HUNTINGTON WV 25770-0008
368861   CROSS COUNTRY BANK,   PO BOX 310 711,    BOLA RATON FL 33431-0711
371402   +CRYSTAL SPRINGS,   C/O COLLECTECH,    CALABASAS CA 91302
368863   +ECOLAB PEST ELIMINATOR,   370 N. WABASHA STREET,    SAINT PAUL MN 55102-1390
368864   GEOGE WASHINGTON UNIV. HOSP.,   900 23RD ST., NW,    WASHINGTON DC 20037
371407   GEORGIA NATURAL GAS,   PO BOX 659411,    SAN ANTONIO TX 78265-9411
371408   GEORGIA POWER,   241 RALPH MCGILL BLVD, NE,    ATLANTA GA 30308
368865   GI ENDOSCOPY ASSOCIATES,   15005 SHADY GROVE RD.,    ROCKVILLE MD 20850
368866   -HERTZ,   HBIC,   PO BOX 25722,    OKLAHOMA CITY OK 73125-0722
368867   HOUSEHOLD BANK,   1441 SCHILLING PLACE,    SALLINAS CA 93901-4543
371409   JULIE & COLLIER, MD, PA,   PO BOX 630971,    BALTIMORE MD 21263
371410   LITERARY GUILD,   MEMBER SERVICE CENTER,    PO BOX 6325,    CAMP HILL PA 17012-6325
368869   LOUISE M. HACKETT,   C/O P'SHIP FOR CIVIL JUSTICE,    1901 PENNSYLVANIA AVE, NW,    SUITE 607,
       WASHINGTON DC 20006
371411   ORCHARD BANK,   CREDIT CARD SERVICES,    PO BOX 4155,    CAROL STREAM IL 60197-4155
368870   PLAINS COMMERCE BANK,   220 MAIN STREET,    HOVE SD 57450
368871   -PUBLIC STORAGE,   C/O COLLECTECH,    CALABASAS CA 91302
368872   RBC CENTURA,   POB 2155,    ROCKY MOUNT NC 27802
368873   REED SMITH,   1301 K ST., NW,    WASHINGTON DC 20005
371412   ROCK CREEK SPORTS CLUB,   8325 GRUBS RD.,    SILVER SPRING MD 20910
368875   SECURITY LINK,   C/O RMA ALBANY CD.,   1 PAHK PLACE,    SUITE 4,    ALBANY NY 12205-2676
368876   SHADY GROVE HOSPITAL,   9901 MEDICAL CENTER DRIVE,    GAIT ERSBURG MD 20850
371413   THE GOOD COOK,   CUSTOMER SERVICE CENTER,    CAMP HILL PA 17012
368877   US ATTORNEY,   DC CIVIL DIVISION,   FINANCIAL LITIGATION,    555 TH STREET, NW, RM 10-312,
       WASHCNGTON DC 20001
368878   VERIZON,   C/O 7 C SYSTEMS, INC,   PO BOX 64378,    SAINT PAUL MN 55164-0378
368879   WASHINGTON MAGAZINE,   1828 L ST., NW, SUITE 200,    WASHINGTON DC 20036
368880   WOMBLE, CARLYLE, SANDRIDGE,   1021 ATLANTIC CENTER,    SUITS 3500,    1021 PEACHTREE STREET,
       ATLANTA GA 30309

The following entities were served by electronic transmission on Dec 11, 2003 and receipt of the transmission
was confirmed on:
smg     EDI: IRS.COM Dec 11 2003 08:27:00   Internal Revenue Service,   Special Procedures Branch,
       Attn: Bankruptcy Section,   31 Hopkins Plaza, Room 1120,   Baltimore, MD   21201
371403   EDI: CAPITALONE.COM Dec 11 2003 08:27:00   CAPITAL ONE,   P.O. BOX 85147,    RICHMOND VA 23276
371405   EDI: CREDPROT.COM Dec 11 2003 08:26:00   CREDIT PROTECTION ASSOC.,    13355 NOBL ROAD,
       DALLAS TX 75240
368868   EDI: IRS.COM Dec 11 2003 08:27:00   INTERNAL REVENUE SERVICE,   P.O. BOX 1076,
       SPECIAL PROCEDURES STAFF,   BALTIMORE MD 21203
368874   EDI: PHINPLAZA.COM Dec 11 2003 08:27:00   RJM FUND, LLC,   575 UNDERHILL BLVD, STE 2,
       SYOSSET NY 11791
                                                                              TOTAL: 5

     ***** BYPASSED RECIPIENTS *****
NONE.                                                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.


EXHIBIT
ALL-STATE LEGAL®

District/off: 0090-1          User: esteves          Page 2 of 2              Date Rcvd: Dec 10, 2003
Case: 03-01978               Form ID: b9aa           Total Served: 44

```
***** BYPASSED RECIPIENTS (continued) *****
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Dec 12, 2003**                    **Signature:**  _Joseph Speetjens_

AMENDED

FORM B9A (Chapter 7 Individual or Joint Debtor No Asset Case) (12/03) Case Number 03–01978

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

## Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines

A Chapter 7 bankruptcy case concerning the debtor(s) listed below was filed on 10/30/03.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below. NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

## See Reverse Side For Important Explanations.

Debtor(s) (name(s) used by the debtor(s) in the last 6 years, including married, maiden, trade, and address):
Darryl Hill
1530 East Capitol St., NE
Washington, DC 20003

| Case Number: 03–01978 | Social Security/Taxpayer ID Nos.: xxx–xx–9205 |
|---|---|
| Attorney for Debtor(s) (name and address):<br>Tommy Andrews Jr.<br>122 N. Alfred St.<br>Alexandria, VA 22314<br>Telephone number: (703) 838–9004 | Bankruptcy Trustee (name and address):<br>William D. White<br>McCarthy & White, PLLC<br>8180 Greensboro Drive<br>Suite 875<br>McLean, VA 22102<br>Telephone number: 703–770–9260 |

## Meeting of Creditors:

Date: **January 15, 2004**                    Time: **10:30 AM**

Location   **U.S. Trustee's Meeting Room, 1110 Vermont Ave., NW Room 210, Washington, DC 20005**

## Deadlines:

Papers must be *received* by the bankruptcy clerk's office by the following deadlines:

### Deadline to File a Complaint Objecting to Discharge of the Debtor *or* to Determine Dischargeability of Certain Debts: 1/25/04

### Deadline to Object to Exemptions:
Thirty (30) days after the *conclusion* of the meeting of creditors.

## Creditors May Not Take Certain Actions:

The filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized.

## Please Do Not File a Proof of Claim Unless You Receive a Notice To Do So.

| Address of the Bankruptcy Clerk's Office:<br>E. Barrett Prettyman U. S. Courthouse<br>333 Constitution Ave, NW #4400<br>Washington, DC 20001<br>Telephone number: (202) 565–2500 | For the Court:<br>Clerk of the Bankruptcy Court:<br>Denise H. Curtis |
|---|---|
| Hours Open: Monday – Friday 9:00 AM – 5:00 PM | Date: 12/10/03 |

341(a) meeting re–scheduled from 1/8/2004 to 1/15/2004 at 10:30 AM. First and Second meeting notices were not sent to the BNC.



EXHIBIT

D

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JAN 2 7 2004

Denise H. Curtis, Clerk
U.S. Bankruptcy Court for D.C.

FILED IN
JOHN MARSHALL DROP BOX

A04-0012

| | |
|---|---|
| In re Darryl Hill,<br>          Debtor, | )<br>)<br>) |
| | ) |
| Louise M. Hackett,<br>          Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| Darryl Hill<br>          Defendant. | )<br>)<br>) |

Case No. 03-01978
Chapter 7

Adv. Proc. No. _____

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF
## WILLFUL AND MALICIOUS INJURY BY THE DEBTOR

1.  This Court has jurisdiction over this action under 28 U.S.C. § 1334. This proceeding to
    determine dischargeability is a core proceeding.

2.  The first Meeting of Creditors was held January 15, 2004. Plaintiff has through the date
    of this filing to initiate an adversary proceeding to determine the dischargeability of debts
    owed her.

3.  One of the unsecured debts owing by the Debtor is a judgment issued on October 15,
    2001 in favor of Louise M. Hackett in the Superior Court of the District of Columbia,
    Civil Division, Case No. 00-5764. A copy of the judgment is attached as an exhibit
    herein.

4.  The judgment issued against Darryl Hill in the amount of $130,000 in compensatory
    damages and $250,000 in punitive damages with interest thereon from October 15, 2001
    at the rate of 4 per cent per annum.

5.  The complaint in the underlying civil action asserted that:

    a.      During the time period encompassing August 25, 1999, Ms. Hackett was involved

1



in a dating relationship with Mr. Hill.

b.  On August 25, 1999, shortly before 5:00 p.m., Ms. Hackett was at Mr. Hill's residence.

c.  Ms. Hackett had a verbal argument with Mr. Hill during which Ms. Hackett threw a pillow at Mr. Hill.

d.  Mr. Hill thereafter became violent.

e.  Mr. Hill hit Ms. Hackett in the mouth with his closed fist.

f.  Mr. Hill grabbed Ms. Hackett by her hair and beat her head into the floor.

g.  Ms. Hackett attempted to escape by crawling across the floor on her hands and knees. Mr. Hill pinned plaintiff to the ground by forcibly kneeling on her back.

h.  Mr. Hill scratched Ms. Hackett about her body, including her hands which she had raised in self-defense to protect herself from Mr. Hill's blows. Ms. Hackett also suffered bruising to her hand and finger.

i.  Mr. Hill caused plaintiff's nose and mouth to be bloodied and swollen.

j.  Mr. Hill forcibly dug his nails and fingers into the right side of Ms. Hackett's face.

k.  Mr. Hill repeatedly struck Ms. Hackett about her body, including repeated blows to her shoulders and back.

l.  Mr. Hill subjected Ms. Hackett to physical force, chipping her teeth and causing other dental injury.

m.  Mr. Hill caused Ms. Hackett to tumble and slide down the staircase.

n.  Ms. Hackett escaped from Mr. Hill's residence and ran outside to the street.

o.  District of Columbia Metropolitan Police Department officers observed Ms. Hackett bleeding from her face and running near defendant's home in the 1300 block of Massachusetts Avenue, S.E.

p.  Mr. Hill was thereafter arrested and apprehended by the MPD.

q.  On August 29, 1999, Ms. Hackett's injuries and related pain and suffering had not abated, causing her to seek medical treatment at the emergency room of Providence Hospital

r.  Ms. Hackett presented herself at Providence Hospital with moderate to severe

2

pain; neck, shoulder and back pain; chest pain; blurred vision; scarring and bruising and scratching, among other symptoms and injuries caused by Mr. Hill.

s.    Ms. Hackett also required dental work in order to fix the injuries to her teeth, and to consult a dermatologist regarding the scarring and skin injuries.

t.    Ms. Hackett has been permanently scarred, including on the right side of her face near her chin, said scarring being caused by Mr. Hill.

u.    Mr. Hill's conduct justifies the imposition of punitive damages, as the beating was aggravated and repeated, with multiple blows.

v.    Ms. Hackett suffered pecuniary and non-pecuniary harm by Mr. Hills conduct, including but not limited to, medical and dental expenses, and physical and emotional pain and suffering.

6.    Mr. Hill did, in fact, commit the conduct as alleged in the underlying complaint.

7.    Mr. Hill was personally served with the complaint in the underlying civil matter, but elected to not defend.

8.    Notwithstanding the entry of a default order during the course of pre-trial proceedings, Mr. Hill retained the right to participate in the trial of the matter all the way through the moment of judgment, including the right to cross-examine witnesses at trial. He, however, elected not to do so.

9.    The jury, upon review of the evidence, found Ms. Hackett to have suffered damages in the amount of $130,000, and issued an award of compensatory damages in that figure.

10.    The jury also found Mr. Hill's conduct to be sufficiently malicious, deliberate and wilful to merit the imposition of punitive damages in the amount of $250,000.

11.    A discharge of debts under these proceedings will not discharge any debts incurred for "wilful and malicious injury by the debtor." 11 U.S.C. § 523(a)(6).

12.    The judgment issued in favor of Ms. Hackett and against Mr. Hill was based on Debtor's wilful and malicious harm of Ms. Hackett.

3

13. This debt may not be discharged, pursuant to 11 U.S.C. § 523(a)(6).

14. WHEREFORE, Plaintiff prays that this Honorable Court enter an Order declaring the

debts owed to Louise Hackett as a consequence of the judgment in Hackett v. Hill to be

non-dischargeable in this bankruptcy case.

Respectfully submitted,

Carl Messineo, Esq. (Bar # 450033)
Mara Verheyden-Hilliard (# 450031)

PARTNERSHIP FOR CIVIL JUSTICE, INC.
1901 Pennsylvania Ave., N.W.
Ste 607
Washington, D.C. 20006
(202) 530-5630
(202) 530-5634 (facsimile)

*Attorneys for Ms. Hackett*

4

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

## CIVIL DIVISON

Louise M. Hackett
        Plaintiff

versus

Darryl A. Hill
        Defendant



00ca5764
Calendar Number 12
Judge Rhonda Reid-Winston

## JUDGMENT

This action came on for ex parte proof before the Court and a jury , the Honorable Rhonda Reid-Winston, Associate Judge, presiding, the Default of the Defendant having been entered for failing to answer and the ex parte proof having been duly presented, it is this 15th day of October 2001,

**ORDERED**

That the plaintiff Louise M. Hackett recover of the defendant Darryl A. Hill the sum of $130,000.00 and $250,000.00 for punitive damages with interest thereon from October 15, 2001 at the rate of 5 per cent per annum, as provided by law, and the costs of this action.

DUANE B. DELANEY, ESQ.
Clerk of the Court

Kenneth Copeland, Deputy Clerk

A TRUE COPY
TEST: JAN 1 0 2002
Superior Court of
the District of Columbia
By
        Deputy Clerk

DOCKETED   OCT 2 2 2001

MAILED   OCT 2 2 2001



EXHIBIT

E

| B 104 (Rev. 8/87) | **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) A04-0012 |
|---|---|---|

| **PLAINTIFFS** Louise M. Hackett c/o Partnership for Civil Justice 1901 Pennsylvania Ave., NW, Ste 607 Washington, D.C. 20006 | **DEFENDANTS** Darryl Hill 1530 East Capitol St., NE Washington, D.C. 20003 | **FILED** JAN 2 7 2004 Denise H. Curtis, Clerk U.S. Bankruptcy Court for D.C. |
|---|---|---|

| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Carl Messineo, 1901 Pennsylvania Ave., NW, Ste 607, Washington, D.C. 20006 | **ATTORNEYS** (If Known) Tommy Andrews, 122 N. Alfred St., Alexandria, VA 22314 |
|---|---|

**PARTY** (Check one box only)   ☐ 1 U.S. PLAINTIFF   ☐ 2 U.S. DEFENDANT   ☑ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Adversary proceeding to determine non-dischargeability of debt incurred for willful and malicious injury by debtor. 11 U.S.C. section 523(a)(6).

**NATURE OF SUIT**
(Check the one most appropriate box only.)

| | | |
|---|---|---|
| ☐ 454 To Recover Money or Property | ☐ 455 To revoke an order of confirmation of a Chap. 11 or Chap. 13 Plan | ☐ 456 To obtain a declaratory judgment relating to any of foregoing causes of action |
| ☐ 435 To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property | ☑ 426 To determine the dischargeability of a debt 11 U.S.C. §523 | |
| ☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property | ☐ 434 To obtain an injunction or other equitable relief | ☐ 459 To determine a claim or cause of action removed to a bankruptcy court |
| ☐ 424 To object or to revoke a discharge 11 U.S.C. §727 | ☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan | ☐ 498 Other (specify) |

| **ORIGIN OF PROCEEDINGS** (Check one box only.) | ☑ 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|

| **DEMAND** | NEAREST THOUSAND $ 380,000 | OTHER RELIEF SOUGHT post-judgment interest | ☐ JURY DEMAND |
|---|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR Darryl Hill | BANKRUPTCY CASE NO. 03-01978 | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING District of Columbia | DIVISIONAL OFFICE | NAME OF JUDGE |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT Darryl Hill | DIVISIONAL OFFICE Darryl Hill | NAME OF JUDGE Darryl Hill |

| **FILING FEE** (Check one box only.) | ☐ FEE ATTACHED | ☑ FEE NOT REQUIRED | ☐ FEE IS DEFERRED |
|---|---|---|---|
| DATE 1/27/04 | PRINT NAME Carl Messineo | SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |